IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:13-CV-00277-MTT-MSH |
| VS. | : | |
| | : | |
| C. ASHLEY ROYAL, et. al. | : | |
| | : | |
| Respondents. | : | |

## ORDER

Petitioner Daniel Eric Cobble, an inmate currently confined at Baldwin State Prison, has filed a pleading titled "Petition for *Writ of Coram Nobis* and *Audita Querela*." (Doc. 1). He also seeks leave to proceed in this action without prepayment of the required filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

Petitioner's pleading and the various accompanying motions are almost entirely illegible; but from what the Court can decipher, it appears that Petitioner is challenging the legality of his present confinement. Petitioner alleges that he "won" his prior application for habeas relief under 28 U.S.C. §2254, *see Cobble v. McLaughlin*, 5:12-cv-86 (CAR), and that he also "won [his] freedom from incarceration" in a civil case before the Baldwin County Superior Court. (Doc. 1 at p.1-2). Petitioner's arguments seemed to be based upon the government's alleged "default" and/or failure to respond timely in those cases. *See id.* Petitioner also seems to claim that he is entitled to be released from prison because of an alleged "double jeopardy" violation.

Although Petitioner expressly claims that he is not presently challenging his criminal conviction, he is alleging that his conviction and sentence are no longer valid,

and he is seeking to be released from prison.   The law in this Circuit is clear that "*coram nobis* is not available in federal court as a means of attack on a state criminal judgment." *Theriault v. Miss.,* 390 F.2d 657, 657 (5th Cir. 1968); *see also, Young v. Warden, FCC Coleman*, 2013 WL 530596 at *2 (11th Cir. 2013) (". . . coram nobis in federal court is not a vehicle for challenging [state] convictions.").

Moreover, to the extent Petitioner seeks to collaterally attack the denial of his prior habeas corpus petition, *Cobble v. McLaughlin*, 5:12-cv-86 (CAR), he is advised that the Federal Rules of Civil Procedure abolished the use of writs of *coram nobis* and *audita querela* for this purpose.[1]   *See* Fed. R. Civ. P. 60(e).   "At common law, such a writ of error was taken from the judgment of the King's Bench and asked that the court review its own judgment, alleging errors of fact. . . . Thus, the writ of error was functionally a motion for reconsideration."   *Bonadonna v. Unknown Defendant*, 81 F. App'x 819, 822 (11th Cir. 2006) (citing Black's Law Dictionary 362 (8th ed. 2004)).   Of course, now, the appropriate procedure for obtaining relief from a judgment in civil cases is to file a motion under Rule 60(b) of the Federal Rules of Civil Procedure.   *Id.*

Thus if, as Plaintiff alleges, there was a reversible procedural error in his federal habeas case, Petitioner should have made this argument on direct appeal or by motion

---

[1] These common law writs survive only in federal criminal cases and to the extent that they fill gaps in the system of federal post-conviction remedies, *Morales v. Fla. Dept. of Corrections*, 346 F. App'x 539, (11th Cir. 2009).   Procedurally, the request for the writ is filed as a motion in the criminal case, not as a separate civil action.   *United States v. Morgan*, 346 U.S. 502, 505 n. 4, 74 S.Ct. 247, 98 L.Ed. 248 (1954).   To be entitled to a writ of *coram nobis*, a petitioner must show: (1) he "was not in custody at the time [he] filed the petition"; (2) "there is and was no other available and adequate avenue of relief"; (3) "the error alleged involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid"; and (4) "there are sound reasons for failing to seek relief earlier." *U.S. v. Stubbs*, No. 2:02–cr–61–FtM–29DNF, 2011 WL 3566839, at * 2 (M.D.Fla. Aug. 15, 2011) (citing *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000),cert. denied, 531 U.S. 929, 121 S.Ct. 309, 148 L.Ed.2d 248 (2000); *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002); *United States v. Garcia*, 181 F.3d 1274, 1274–75 (11th Cir. 1999); *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000), cert. denied, 531 U.S. 1144, 121 S.Ct. 1079, 148 L.Ed.2d 956 (2001)).   The petition is obviously not appropriate in this case.

for relief from judgment.  *See id.*  Plaintiff may have, in fact, already made this argument on appeal.  Plaintiff's prior federal habeas case (which partially serves as the basis for this action) is still on appeal before the Eleventh Circuit Court of Appeals and cannot be reconsidered here. *See Cobble v. McLaughlin*, 5:12-cv-86 (CAR), Appeal No. 13-11674-F & 13-13008-F (11th Cir.).

Plaintiff has also failed to state any claim for relief based upon a state court decision in the Baldwin County Superior Court.  "The Rooker–Feldman doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"  *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).  Therefore, this Court does not have jurisdiction to review the decisions of the Baldwin County Superior Court in a prior civil case; Petitioner had an opportunity to contest such orders through the state appellate process.  *See id*. If the prior action was a state habeas proceeding, the proper vehicle for challenging the denial of a state habeas would be through a federal habeas petition – which, as stated above, Plaintiff has already filed, and that case is before the Eleventh Circuit.

Plaintiff's last allegation involves something about his right against double jeopardy being violated by Respondent Patrick Head.  This claim may or may not be related to a habeas petition.  The facts are unclear, as Petitioner's allegations are illegible.  The claim will thus not be considered by the Court.  *See e.g., Mills v. Secretary, Fla Dept. of Corr.,* No. 8:11–cv–299–T–30AEP, 2011 WL 1364054, at *1 (M.D. Fla. April 11, 2011) (dismissing complaint that was largely indecipherable without

prejudice).  To the extent that Petitioner complains of an on-going prosecution,[2] he is advised that this Court is required to abstain from interfering with on-going criminal proceedings.  *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Furthermore, to the extent that Petitioner has attempted to initiate a new civil action by filing this pleading, he is barred from proceeding in this Court *in forma pauperis*.  The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*  A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has a filed several civil cases in federal court and that at least three of those cases were dismissed and count as "strikes" under section 1915(g): *See Cobble v. Bloom*, 1:04-CV-1150-CAM (N.D. Ga. May 13, 2004) (complaint); *Cobble v. Ward*, 1:04-CV-560-CAM (N.D. Ga. Mar. 31, 2004) (complaint); *Cobble v. Cobb County Police*, 1:02-CV-2821-CAM (N.D. Ga. Nov. 7, 2002) (complaint); and *Cobble v. Donald*, 1:09-CV-89-CAM (N.D. Ga.) (appeal).  Because of these dismissals, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g).  To satisfy this requirement, the prisoner must allege the existence of a present, imminent danger of serious physical injury.  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff has not alleged the existence of any such danger in his Complaint (Doc. 1).

---

[2] Petitioner appears to claim that Patrick Head's office is "continuing" to prosecute him on felony criminal charges.(Doc 1 at p. 3).

For these reasons and because it is still unclear what Petitioner's exact intent was when filing this action, Petitioner's present pleading shall be **DISMISSED** without prejudice, *see* 28 U.S.C. §1915(e) and 28 U.S.C. §1915A.  Petitioner's other pending motions and objections (Doc. 4, 5, & 6) are likewise **DISMISSED**.

**SO ORDERED** this 12th day of August, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr