## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

DANIEL ERIC COBBLE,                    :
                                       :
                    Petitioner,        :
                                       :        NO. 5:13-CV-00277-MTT-MSH
          VS.                          :
                                       :
C. ASHLEY ROYAL, et. al.               :
                                       :
                    Respondents.       :

### ORDER ON OBJECTION AND MOTIONS

Petitioner Daniel Eric Cobble, an inmate currently confined at Baldwin State Prison, in Hardwick, Georgia, filed a *pro se* "Writ of *Coram Nobis* and *Audita Querela*" (Doc. 1).   After an initial review, conducted pursuant to 28 U.S.C. §1915 and 28 U.S.C. §1915A, the Court determined that Petitioner had not stated a cognizable claim for relief and was otherwise barred, under 28 U.S.C. §1915(g), from litigating his claims *in forma pauperis*.   The petition was dismissed without prejudice, *see* Order, Aug. 12, 2013 (Doc. 9); and judgment was entered on August 13, 2013 (Doc. 10).   Petitioner has now filed an objection to the Court's order referring the case to a United States Magistrate Judge and multiple post-judgment motions.

Having been read and fully considered, Petitioner's "Objection" (Doc. 11) to the referral order and Petitioner's "Motion to Introduce Audio Tape into Evidence" (Doc. 19) are deemed **MOOT** and **DISMISSED**.   Because Petitioner's pleading was neither filed nor construed as a motion for federal habeas corpus relief, Petitioner's "Motion for

1

Certificate of Appealability" (Doc. 13) is also **DISMISSED** as **MOOT**.

Petitioner's Motion for Reconsideration (Doc. 12), to the extent that it can be deciphered, is found to have no merit and to provide no valid basis for reconsideration; it is thus **DENIED**.

Petitioner's "Emergency Motion to Arrest Defendant" (Doc. 17) is also **DENIED**. This Court has no authority to order state or federal law enforcement agencies to initiate investigations or prosecutions. *Otero v. U. S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987).   Even if Petitioner had requested relief available, his "motion" fails to make allegations against any of the parties named in his Petition.   If Petitioner wishes to bring civil rights claims against new defendants based on the conditions of his confinement, he must submit new complaint forms and either pay the entire $350.00 fee at the time of filing or seek leave to proceed *in forma pauperis* in a new action.

**SO ORDERED** this 1st day of October, 2013.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT

jlr