IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, | : |
| Petitioner, | : |
| VS. | : NO. 5:13-CV-00277-MTT-MSH |
| C. ASHLEY ROYAL, et. al. | : |
| Respondents. | : |

## ORDER ON REMAND

This matter is before the Court on remand from the Eleventh Circuit Court of Appeals. Petitioner Daniel Eric Cobble initiated this action on August 5, 2013, by filing a "Petition for *Writ of Coram Nobis* and *Audita Querela.*" The Petition was considered and subsequently dismissed without prejudice. Petitioner moved for a Certificate of Appealability (COA), and that motion was also dismissed. Petitioner appealed, and the case has now been remanded so that this Court may clarify its dismissal order and consider whether a COA is appropriate for any of the issues that Petitioner has raised on appeal.

The Court construes the Petition as one filed pursuant to 28 U.S.C. § 2254. In this and in at least one other action, the Petitioner has insisted, sometimes violently, that he is not challenging his criminal convictions. *See Doc. 11, Cobble v. Oubre, et al.,* 5:13-cv-253 (MTT). His insistence notwithstanding, the Petitioner is seeking relief only available in a habeas proceeding, i.e., the invalidation of his criminal conviction and release from prison. The law in this Circuit is clear that "*coram nobis* is not available in

federal court as a means of attack on a state criminal judgment." *Theriault v. Miss.,* 390 F.2d 657, 657 (5th Cir. 1968); *see also, Young v. Warden, FCC Coleman*, 508 F. App'x 918, 920 (11th Cir. 2013) ("... *coram nobis* in federal court is not a vehicle for challenging [state] convictions"). Such petitions are thus properly construed as a petitions filed pursuant to § 2254. *Cf. United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding that, when a federal prisoner bases his *pro se* petition for a writ of *audita querela* on claims cognizable under 28 U.S.C. § 2255, district court should construe petition as a § 2255 motion).

Petitioner has already challenged his conviction under 28 U.S.C. § 2254, *Cobble v. McLaughlin,* 5:12-cv-86 (CAR), and United States District Judge Ashley Royal dismissed his prior petition as time-barred. Petitioner's appeal of Judge Royal's Order was, in fact, still pending before the Eleventh Circuit Court of Appeals when this action was filed.[1] Therefore, the current petition is a second or successive habeas petition within the meaning of 28 U.S.C. § 2244(b). *See e.g., Ochoa v. Sirmons*, 485 F.3d 538, 540-41 (10th Cir. 2007) (second petition filed while appeal on first petition was pending was "second or successive"). This Court thus lacks jurisdiction to consider Petitioner's request for relief, and his Petition is dismissed without prejudice to Petitioner's right to file, in the Eleventh Circuit Court of Appeals, a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3)(A).[2]

---

[1] The appeal is no longer pending. The Eleventh Circuit denied Petitioner a COA on August 22, 2013.

[2] If Petitioner is attempting to also collaterally attack Judge Royal's order, that issue is not properly before the Court. The Federal Rules of Civil Procedure abolished the use of writs of *coram nobis* and *audita querela* for this purpose. *See Bonadonna v. Unknown Defendant*, 81 F. App'x 819, 822 (11th Cir. 2006); Fed. R. Civ. P. 60(e). Such arguments should have been made on direct appeal or by filing a motion for relief from judgment in his prior case. Petitioner is likewise barred from bringing any claims under 42 U.S.C. § 1983, as Petitioner has three strikes for the purpose of 28 U.S.C. § 1915(g) and his Petition does not allege an imminent danger of serious physical injury.

No reasonable jurist could find that this Petition states a valid claim for the denial of a constitutional right; nor could they find that the dismissal of this Petition is debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Petitioner is therefore denied a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a).

**SO ORDERED** this 6th day of March, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr